IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

    Plaintiff,                    No. CIV S-03-2415 DFL KJM P

    vs.

T. FELKER, et al.,                ORDER AND

    Defendants.           FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On December 15, 2005, plaintiff filed a motion for a temporary restraining order and a preliminary injunction. He seeks an order enjoining persons named Amero, Gower, Plainer, Fleming, Ross and Hougland from "harassing, threatening, assaulting and fabricating rules violation reports" in retaliation for plaintiff's litigation of the underlying law suit.

        Gower, Plainer, Fleming, Ross, and Hougland are not defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

        Amero has been named as a defendant in this lawsuit and this court found service on him appropriate insofar as the complaint alleged that Amero ignored plaintiff's medical

/////

1

1  chronos. Compl. ¶¶ 26-27.  Nevertheless, plaintiff is not entitled to injunctive relief against
2  Amero.
3        In Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994), the inmate plaintiff sought
4  an injunction preventing the defendants from filing false disciplinary charges and taking other
5  actions in retaliation for the underlying lawsuit, in which plaintiff challenged his medical care.
6  The Court of Appeal observed:

> [A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.  It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision making power. . . . Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

12  Id. (citations omitted); see also Omega World Travel v. Trans World Airways, 111 F.3d 14, 16
13  (4th Cir. 1997); Lebron v. Armstrong, 289 F.Supp.2d 56, 61 (D. Conn. 2003).  If this showing of
14  relationship is not made, the court should not consider the factors for the issuance of preliminary
15  relief.  In re Microsoft Antitrust Litigation, 333 F.3d 517, 526 (4th Cir. 2003).
16        Plaintiff seeks an injunction preventing retaliation and harassment, while his
17  claims against defendant Amero in the complaint concern past instances of mistreatment.  The
18  relationship between the claims is insufficient to justify the grant of preliminary relief, for
19  plaintiff's request has "nothing to do with preserving the district court's decision making power."
20        IT IS HEREBY ORDERED that plaintiff's December 15, 2005 request for a
21  temporary restraining order is denied.
22  /////
23  ////
24  /////
25  ////
26  ////

1  IT IS HEREBY RECOMMENDED that plaintiff's December 15, 2005 request for
2 a preliminary injunction be denied.
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
9 F.2d 1153 (9th Cir. 1991).
10 DATED: May 1, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
chat2415.48+