IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

    Plaintiff,                   No. CIV S-03-2415 RRB KJM P

    vs.

T. FELKER, et al.,             ORDER AND

    Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action. He has filed a motion to amend his complaint and a motion for the entry of a default judgment against defendant Brown. Defendant Rohlfing has filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.  The Motion To Dismiss

   A.  Background

        In the amended complaint filed December 27, 2004, plaintiff alleges that on March 18, 2003, he had an appointment with defendant Rohlfing, a doctor at High Desert State Prison, and that defendant Rohlfing "did not address any of plaintiff's concerns, complaints of pain, but merely stated that plaintiff needed to exercise. . . . Nothing significant was given for

/////

pain as requested. . . . Additionally, Dr. Rohlfing canceled all of plaintiff's medical chronos." 12/27/04 Amended Complaint (Am. Compl.) ¶ 34.

In his motion to dismiss, defendant Rohlfing argues that the medical records attached to plaintiff's amended complaint belie the claim that defendant Rohlfing refused to treat him and that the court is entitled to rely on these documents in ruling on a motion to dismiss. As part of his opposition, filed October 30, 2006, plaintiff attaches a variety of documents, including additional copies of some of his medical records, and information about defendant Rohlfing's past problems with the Medical Board. In reply, defendant Rohlfing objects to consideration of much of the evidence because it is prejudicial and improper character evidence, because it is unauthenticated, and because the material is extrinsic to the complaint and accordingly not properly considered in a motion to dismiss for failure to state a claim. Plaintiff has filed a reply to defendant's objections, arguing the relevance and propriety of the exhibits.

B. Standards For A Motion To Dismiss

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

In ruling on a motion to dismiss, the general rule is that the court may not consider any materials beyond the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). There are two exceptions: a court may consider material submitted as part of the

complaint and may consider matters susceptible of judicial notice. Id.; Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). When a court considers documents attached to the complaint in resolving a motion to dismiss, it may consider that the contents of those documents are correct for purposes of the motion. Marder, 450 F.3d at 448.

C. Analysis

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir.1998). A difference of opinion about the proper course of treatment is not deliberate indifference nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has included portions of his medical records as part of Exhibit B to the complaint and defendant has reproduced those portions as Exhibit 1 to his motion to dismiss. The first page of plaintiff's Exhibit B is a page of physician's progress notes; although the date of the appointment has been partially cut off, the remaining part of the date is 8/03; the report shows a dictation or transcription date of April 3, 2003. In the notes, defendant Rohlfing observes that "plaintiff has very poor musculature, obviously deconditioned. Gait–Not bad and has sensory loss of the thigh but otherwise was essentially normal and appeared to have no gross weakness. . . . Basically indicated the pt. will bring him back in two wks. but the chances are he will not get a cane and needs to exercise. He will not get a mobility vest and that we likely will not be pursuing the numbness of his legs since it just [sic] a superficial or sensory loss only." Am. Compl., Ex. B-1.

An "Ortho Progress Note" dated June 25, 2003, includes defendant Rohlfing's observation that plaintiff has "chronic low back pain with decondition syndrome" and "meralgia paresthetica, left thigh."[1] Defendant Rohlfing "stressed to the patient that he needs to lose weight" and recommended exercises for his back. Finally, defendant Rohlfing found that plaintiff did not meet the CDC guidelines for an egg-crate mattress and refused to give him a chrono for a back-brace because he believed that plaintiff needed to strengthen his muscles. Am. Compl., Ex. B-11.

---

[1] "Meralgia paresthetica is a condition characterized by tingling, numbness and burning pain in the outer part of your thigh. The cause of meralgia paresthetica is compression of a nerve — the lateral femoral cutaneous nerve — that supplies sensation to the skin surface of your upper leg. Common causes of this nerve compression include tight clothing, obesity or weight gain, and pregnancy. Meralgia paresthetica can also be due to nerve injury, from a disease such as diabetes or from trauma. Treatment for meralgia paresthetica is directed at relieving the compression and usually consists of self-care measures, such as wearing looser clothing or losing weight. In severe cases of meralgia paresthetica, treatment may include medications to treat the discomfort or, rarely, surgery."

See <http://www.mayoclinic.com/health/meralgia-paresthetica/DS00914> (accessed 8/6/07).

The records also show that defendant Rohlfing authorized a chrono for waist chains for plaintiff but discontinued other chronos for an egg crate mattress and knee and back braces. Am. Compl., Ex. B-11. In addition, although it is not entirely clear from the records that defendant Rohlfing is the person who failed to renew the chrono for a knee brace, an appeals analyst later explained to plaintiff "this chrono was denied because you have normal strength and range of motion of your left knee. There are no objective findings to support your complaint of knee instability [which] 'causes you to fall down.'" Am. Compl., Ex. B-24. A low bunk chrono was authorized. Id.

The records show that defendant Rohlfing continued plaintiff's prescription for Motrin, recommended exercise as a means of dealing with bodily pain and weakness, found no physical basis for some of the chronos plaintiff had previously been issued, and reauthorized the waist chain chrono. Am. Compl., Ex. B-11. The records, in other words, demonstrate a difference of opinion between plaintiff and defendant over the appropriate treatment for plaintiff's medical treatment, but do not establish any basis for showing that defendant Rohlfing was deliberately indifferent to plaintiff's serious medical needs. Sanchez v. Vild, 891 F.2d at 242. By attaching the records that undercut his claims, plaintiff has pleaded himself out of his claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001), as amended, 275 F.3d 1187 (9th Cir. 2001).

The additional documents plaintiff has submitted as Exhibits B through D of his "objection" to defendant's motion to dismiss do not change this result, even assuming the court may properly consider them in ruling on the motion to dismiss. Neither what defendant Rohlfing may or may not have done in 1996, nor whatever his performance through 2002 under a medical board disciplinary order, undercut the medical records plaintiff attached to his complaint, which show that defendant Rohlfing provided medical treatment to plaintiff. As noted above, plaintiff's disagreement with the treatment does not transform it into a violation of his constitutional rights.
/////

II. <u>Motion To Amend The Complaint</u>

Plaintiff has filed a motion for leave to file an amended complaint. He seeks to add allegations that T. Felker covered up his subordinates' acts by falsifying documents and suppressing plaintiff's grievances.

Plaintiff included similar claims in the amended complaint filed December 27, 2004. <u>See</u> Am. Compl., ¶¶ 23, 48. The court did not find service appropriate on the claims at that time; plaintiff has not presented sufficient additional allegations to state a claim under the civil rights act. <u>See</u> <u>Mann v. Adams</u>, 846 F.2d 589 (9th Cir. 1988) (no right to a grievance procedure); <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir. 1986) (no constitutional right to be free of false information).

III. <u>Motion For Default Judgment</u>

Plaintiff alleges that defendant Brown did not respond to the summons and complaint within twenty days and is therefore in default.

After the defendants waived service, they requested that the action be stayed pending the decision in <u>Woodford v. Ngo</u>, __ U.S. __, 126 S.Ct. 2378 (2006). Before the court acted on the request, the Supreme Court decided the case and the defendants withdrew their request. Thereafter, they sought and received extensions of time in which to file an answer. The answer was filed on August 4, 2006, on behalf of Brown and other defendants (document 54). Accordingly, the request for the entry of default judgment is denied.

Accordingly, IT IS HEREBY ORDERED that :

1. Plaintiff's motion to file an amended complaint (document 64) is denied; and

2. Plaintiff's motion for entry of default (document 49) is denied.

IT IS HEREBY RECOMMENDED that defendant Rohlfing's motion to dismiss be granted and the action be dismissed as to him with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

6

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within ten days after service of the objections.  The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7  DATED: August 6, 2007.

_____
U.S. MAGISTRATE JUDGE

2

chat2415.57