IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

      Plaintiff,                No. CIV S-03-2415 RRB KJM P

      vs.

T. FELKER, et al.,

      Defendants.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  He alleges, among other things, that defendant Pontarolo retaliated against him and seized his legal materials, including transcripts, police reports, crime scene photographs, and appellate briefs, necessary for further pursuit of relief from his criminal convictions.  On July 10, 2007, he filed a motion for injunctive relief, asking that defendant Pontarolo be directed to return these legal materials.   On October 2, 2007, the court directed defendant Pontarolo to respond to plaintiff's motion.

       The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122

1   F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374,

2   1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal

3   point being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under

4   any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

5   irreparable injury."  <u>Id.</u>  In the absence of a significant showing of possible irreparable harm, the

6   court need not reach the issue of likelihood of success on the merits.  <u>Id.</u>

7           In cases brought by prisoners involving conditions of confinement, any

8   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

9   harm the court finds requires preliminary relief, and be the least intrusive means necessary to

10  correct that harm."  18 U.S.C. § 3626(a)(2).

11              A.  <u>Likelihood Of Success On The Merits</u>

12          Pontarolo, the Receiving and Release Officer at High Desert State Prison, denies

13  that he confiscated the legal materials as a retaliatory measure, averring that the materials were

14  removed because plaintiff had more than the six cubic feet of property permitted an inmate.  He

15  also asserts that he told plaintiff he could exchange other items for his legal property.  Opp'n,

16  Decl. of D. Pontarolo ¶¶ 2-3; <u>see also</u> 15 Cal. Code Regs. § 3190(c) (six cubic feet of property).

17          Plaintiff argues that Pontarolo neither cited nor followed the regulations relating

18  to legal property.[1]  Reply at 8-12.  He cites to 15 Cal. Code Regs. § 3161, which allows inmates

19  to "possess up to one cubic foot of legal materials/documents related to their active cases, in

20  excess of the six cubic feet of allowable property. . . ."  Reply at 9 & Decl. of Charles Chatman

21  (Chatman Decl. II) ¶¶ 3-4.

22          Plaintiff has not shown he had an active case at the time of the alleged

23  confiscation.  Plaintiff alleges that the California Supreme Court denied his petition for review

24

25              [1]  Plaintiff quotes at length from the High Desert State Prison Supplemental Operational
    Manual, but has not attached copies of these regulations, in contravention of Local Rule 5-133(i).
26  Accordingly, the court will not consider what application, if any, these regulations have to the
    issues raised by this motion.

1    on January 15, 2003, giving him a year to file a federal habeas petition.  Mot., Decl. of Charles

2    Chatman (Chatman Decl. I) ¶ 7.  He does not allege that he in fact had filed such a petition or any

3    other action relating to his criminal conviction or that his possession of the materials would not

4    have exceeded the six cubic foot limit.  Accordingly, plaintiff has not borne his burden of

5    showing he has a likelihood of success on the merits.

6           B.  Irreparable Injury

7              Plaintiff alleges he will be unable to file a federal habeas petition without his

8    transcripts and thus unable to challenge his conviction and the resulting sentence of ninety years

9    to life.  Chatman Decl. I ¶ 10.  He also argues, however, that he will be able to pursue such a

10   petition because he will be able to show that the statute of limitations has been tolled as the result

11   of the confiscation of his legal property.  Reply at 6.  Accordingly he has not demonstrated

12   irreparable injury.

13          C.  Other Matters

14             While plaintiff says he has seen the box containing his materials sitting in the

15   Receiving and Release Office in C-Facility of High Desert State Prison on unspecified dates,

16   Chatman Decl. II ¶ 5, plaintiff's general suggestion is insufficient to rebut Pontarolo's verified

17   assertion that he does not currently have possession or control of plaintiff's legal materials,

18   Pontarolo Decl. ¶ 4.  Accordingly, entering a mandatory injunction against Pontarolo would

19   have no effect.  The court nevertheless urges plaintiff's custodians to make the legal materials

20   available to plaintiff within the framework of the applicable regulations to allow him to pursue

21   habeas relief.

22             IT IS HEREBY RECOMMENDED that plaintiff's July 10, 2007 motion for

23   injunctive relief be denied.

24             These findings and recommendations are submitted to the United States District

25   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

26   days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3  shall be served and filed within ten days after service of the objections.  The parties are advised

4  that failure to file objections within the specified time may waive the right to appeal the District

5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:  November 26, 2007.

7

8  _____

9  U.S. MAGISTRATE JUDGE

10  2
   chat2415.inj

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26