IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

Plaintiff, No. CIV S-03-2415 JAM KJM P

vs.

T. FELKER, et al.,

ORDER AND

Defendants. FINDINGS AND RECOMMENDATIONS

______________________________/

Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, against numerous correctional personnel at High Desert State Prison. He has filed a motion for a temporary restraining order, a motion for a telephonic conference, a voluntary dismissal of the action against defendants Brown and Dharlingue, and a motion to compel discovery.

I. Dismissal Against Defendants Brown And Dharlingue

As there has been no objection from the other defendants, this request is well-taken. Because Brown is being dismissed from the action, the court will not address those portions of the motion to compel that challenge Brown's response to plaintiff's discovery requests.

/////

II. Requests For Injunctive Relief

Plaintiff has filed a motion for a temporary restraining order and a preliminary injunction, a request that the court order defendants Peddicord and Lieutenant Griffith to return his legal documents relating to this action, and a request for a telephonic conference, all of which the court construes as requests for injunctive relief.

Two principles inform the resolution of these motions. The first is that this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). The second is that the plaintiff "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In Devose, the court rejected an inmate's request that the court direct the defendants to stop retaliating against him for filing the underlying lawsuit because it found no relation to the underlying suit, which was based on injuries suffered in an accident.

A. Request For An Emergency Telephonic Conference; Request For Order Directing Defendants To Return Legal Documents

Plaintiff has asked for an emergency telephonic conference because of the privations he says he has been subjected to at High Desert State Prison. He supports this request with his declaration, averring that defendant Peddicord threatened to deprive plaintiff of all his legal materials when plaintiff was in administrative segregation in the hope that plaintiff's pending legal actions would thereby be dismissed. See Pl.'s Request for Emergency Telephone Conference (Docket No. 124) at 5.[1] He also alleges that a number of other correctional officers, not defendants in this case, have restricted his right to correspond with others, have tampered with his food, have read his correspondence, have housed him in a cell with inadequate

/////

[1] The court refers to the docket numbers and pagination assigned by its CM/ECF system.

ventilation next to an inmate with inadequate hygiene, and have used a waist chain on him improperly. Id. at 7-9. He asks the court to intervene.

Most of those named in this request are not defendants in this suit and so are not subject to this court's jurisdiction. Plaintiff does contend that Peddicord, a defendant in this action, threatened to deprive him of his legal materials; these allegations, however, are not related to those in the complaint against Peddicord, which involve Peddicord's alleged use of waist chains on plaintiff, in violation of a medical chrono.[2] See Order filed Oct. 27, 2005 at 2 (describing claims served).

B. Motion For Temporary Restraining Order and Preliminary Injunction

Plaintiff asks the court to direct defendant Peddicord to stop harassing him. Specifically, he alleges that Peddicord has confiscated much of his property, including his legal property. Plaintiff has supported this motion with his declaration, in which he alleges that defendant Peddicord, the captain of the facility where plaintiff is housed, and other officers have undertaken a course of harassment against him. Most of these claims either are not based on plaintiff's personal knowledge or fail to disclose how plaintiff knows that defendant is "very successful in manipulating prisoners" as plaintiff alleges. Mot. for Temp. Restraining Order (Docket No. 116) at 13-14, ¶ 8. Plaintiff also has submitted over 100 pages of exhibits, most of which are copies of grievances and correspondence relating to plaintiff's attempts to obtain redress for the alleged problems and correspondence relating to some "inventions" that plaintiff alleges have been confiscated. Plaintiff does not explain how these exhibits support his claim for injunctive relief. Should plaintiff continue to provide numerous exhibits of unclear relevance in support of his motions and pleadings, he may be subject to sanctions or restrictions, including limits on the length of subsequent pleadings.

/////

---

[2] Plaintiff's motion also targets Warden Felker, on whom service was not ordered.

As noted above, plaintiff has not shown that the relief he seeks in the current motion has a sufficient relation to the underlying civil rights action so as to justify injunctive relief. In addition, he seeks to restrain those who are not parties to the underlying civil action. Finally, he has not presented any support for the claimed relief except his conclusory declaration and a large quantity of exhibits of questionable relevance. The motion is not well-taken. See American Civil Liberties Union of Nevada v. City of Las Vegas, 13 F.Supp.2d 1064, 1071 (D. Nev. 1994) ("courts should be wary of granting a preliminary injunction based 'solely on allegations and conclusory affidavits submitted by plaintiff'").

III. Motion To Compel Discovery

Plaintiff seeks an order compelling the defendants to respond to his requests for the production of documents, which were served on the defendants as a group, and to certain interrogatories. A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Defendants have opposed the motion.

A. Interrogatories: No Responsive Information After Diligent Search

Plaintiff asked defendant Roberts if he was interviewed by Lt. Beckham regarding one of plaintiff's grievances and for the names of some correctional officers. Motion to Compel (MTC) (Docket No. 99), Ex. D, Nos. 4, 18. He asked defendant Amero for the names and "din" numbers of inmates and the names of correctional officers. Id., Ex. E, Nos. 4, 6-8, 15, 24. He asked similar questions of defendant Weaver and inquired, as well, why he moved plaintiff on March 15, 2003. Id., Ex. F, Nos. 2-5, 10, 15-16, 18. Plaintiff asked defendant Runnels the location of certain correspondence plaintiff sent to him; whether he reviewed a videotaped interview of plaintiff; and whether certain officers and inmates were interviewed in connection with plaintiff's allegations of staff misconduct. Id., Ex. G, Nos. 14-15, 17-20. Plaintiff's

interrogatories to defendant Goforth centered on the events of March 15, 2003. Id., Ex. H, Nos. 3-8. Finally, he asked defendant Peddicord for the identity of the officers who escorted plaintiff from D-Facility to Ad Seg on March 20, 2003. Id., Ex. M, No. 14.

   The defendants posed a number of objections to these interrogatories and, without waiving those objections, answered in the following language: "After a reasonable search and diligent inquiry, Responding Party does not have information responsive to this request." Id., Exs. D-H, M.

   Although plaintiff takes issue with defendants' objections, defendants ultimately answered these questions by averring that their diligent inquiries did not disclose any substantive answers. Because there was a response to the questions, however distasteful to plaintiff, the court will not analyze the objections but rather turn to the sufficiency of the answers given.

   Plaintiff questions the bona fides of these responses, arguing that the defendants pretended not to have information responsive to the various requests. See, e.g., MTC at 12. However, plaintiff has pointed to nothing concrete that casts doubt on these answers and so has not borne his burden to compel discovery. Alexander v. Federal Bureau of Investigation, 186 F.R.D. 128 (D.D.C. 1998); see also Equal Rights Center v. Post Properties, Inc., 246 F.R.D. 29, 32 (D.D.C. 2007) ( party moving to compel discovery has the burden of proving that an answer to an interrogatory was incomplete or evasive). This court cannot compel the defendants to answer questions when they insist they cannot do so nor will it compel them to conduct discovery in the manner plaintiff prefers. Usery v. Brandel, 87 F.R.D. 670, 685 (W.D. Mich. 1980); Vaughn v. City of Puyallup, 2007 WL 3306743 at *2 (W.D. Wash. 2007) .

   B.  Interrogatories: No Recollection

   Plaintiff asked defendants Roberts, Amero, Weaver, Goforth, Zills, Pontarolo and Peddicord for their post numbers on the dates of the incidents described in the amended complaint; each defendant says he does not recall. MTC, Ex. D, No. 5, Ex. E, No. 1, Ex. F, No. 1, Ex. H, No. 2, Ex. J, No. 2, Ex. K, No. 2 & Ex. M, No. 2. Plaintiff suggests the answers are

evasive, but has not borne his burden of so demonstrating. Equal Rights Center, 246 F.R.D. at 32.

C. Interrogatories and Request For Production: Staff Complaints

In the amended complaint filed December 27, 2004, plaintiff alleges that defendant Weaver pushed plaintiff roughly several times and stood on plaintiff's feet; defendant Turner handcuffed plaintiff behind his back even though plaintiff has a chrono for a waist chain; defendant Goforth twisted plaintiff's arms behind his back while Turner did nothing to restrain him; defendant Roberts placed plaintiff on cell management status and ordered other correctional officers to deny plaintiff basic necessities; later, defendants Roberts, Peddicord and Amero ignored plaintiff's medical chronos for a waist chain rather than handcuffs; defendant Beckman threatened plaintiff's life in retaliation for plaintiff's use of the grievance process; defendant Zills left plaintiff's cell in disarray and attempted to have gang members assault plaintiff in retaliation for plaintiff's use of the grievance process; and defendant Pontarolo confiscated plaintiff's medication, medical aids and legal documents in retaliation for plaintiff's use of the grievance process. Am. Compl. at 7, 8, 12-14.

Plaintiff asked defendant Roberts whether he had ever been disciplined for abusing inmates. MTC, Ex. D, No. 12. Plaintiff posed similar questions to defendant Amero, asking whether he has "ever been brought up on departmental charges for assaulting a prisoner, both past and present" and the number of "staff complaints/grievances . . .filed against [him] at High Desert State prison by inmates. . . ." Id., Ex. E, Nos. 22-23. He asked Weaver "since your employment at High Desert State Prison, how many times have inmates filed staff complaints/grievances against you for misconduct" and "how many times have you claimed inmates assaulted you." Id., Ex. F, Nos. 21-22. Plaintiff's interrogatories to defendant Goforth included the following questions: "how many staff complaints have inmates filed against you . . .," "have you ever been disciplined for assaulting inmates, if so, how many times" and "have any departmental charges been sustain [sic] against you for mistreatment of prisoners." Id., Ex.

G, Nos. 9-11. He asked slightly different questions of defendant Beckman: "have any inmate(s) filed a staff complaint against you for threatening them during a disciplinary hearing or 602 appeal hearing;" "have you ever been under investigation or disciplined for falsifying documents" and "have you ever been under investigation or disciplined for suppressing evidence during an investigation surrounding Staff Complaints(s)." Id., Ex. I, Nos. 4, 21-22. With respect to defendant Zills, plaintiff asked if he had "ever been disciplined on any staff complaint filed by an inmate," the number of staff complaints filed against him "that were sustained," and why he was "relocated to another institution." Id., Ex. J, Nos. 10-11, 13. Plaintiff asked defendant Pontarolo if inmates had filed complaints against him for theft, confiscation or destruction of their property or if he had ever been sued for the same reasons. Id., Ex. K, Nos. 9, 20. Finally, plaintiff asked defendant Peddicord whether "inmate staff complaints" have been sustained against him "for allegations of physical abuse or threats of violence." Id., Ex. M, No. 15. The defendants objected to each of these interrogatories "on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, and invades the privacy rights of Responding Party and third persons." Id., Exs. D-G, I-K, M.

Plaintiff sought documentary support for the responses to interrogatories in his first request for the production of documents, where he asks for the "numerical amount of inmate staff complaints" sustained against Amero, Weaver and Turner for physical assaults against inmates, the number of sustained complaints against Pontarolo involving claims of theft, and the number of sustained complaints against Beckman based on threats to inmates who pursue staff complaints. Id., Ex. B, Nos. 20-22. Defendants objected on relevance, privacy and the official information privilege. Id. In their opposition to the motion to compel, they rely solely on their relevance objections. Opp'n at 7.

Defendant Peddicord has withdrawn his objection to interrogatory 15 and defendant Goforth has agreed to provide an answer to interrogatory 10, relating to discipline for assaulting inmates. As to the others, defendants repeat their objection that the evidence is

inadmissible under Federal Rule of Evidence 404(b). Opp'n at 9-10. They have not repeated their claim of privacy in opposition to the motion to compel and so have waived this proffered justification for their refusal to answer. Defendant Brown has not repeated his reliance on the official information privilege. The court deems those objections not repeated in the opposition to be abandoned. Cardenas v. Dorel Juvenile Group, Inc., 232 F.R.D. 377, 380 (D. Kan. 2005).

Litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). For these purposes relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) (citation omitted). Although admissibility at trial is not the standard for discovery disputes, the material sought must have some evidentiary value. Martinez v. Cornell Corrections of Texas, 229 F.R.D. 215, 218 (D.N.M. 2005).

> When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance . . . or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Conversely, when the relevancy of the discovery is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.

Cardenas, 232 F.R.D at 382-83.

Despite the limitations imposed by Rule 404(b) of the Federal Rules of Evidence, courts have found that "prior suits or disciplinary proceedings" or "prior civilian complaints made against the defendants and incidents of excessive force by individual defendants" to be discoverable when a plaintiff raises claims of the use of force, and complaints of other misconduct to be discoverable when sufficiently similar to claims in the complaint. Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (prior complaints of excessive force); Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D. Pa. 1979) (suits or discipline concerning abuse of authority); Martinez, 229 F.R.D. at 223 (claims of sexual harassment or gender-related misconduct). Such

material is discoverable even if the complaints sought were not substantiated. Barrett v. City of New York, 237 F.R.D. 39 (E.D.N.Y. 2006). Moreover, even complaints occurring after the incidents alleged in the complaint may bear on a supervisor's knowledge. See Martinez, 229 F.R.D. at 220. Even if the material ultimately is not admissible, information about prior similar complaints may lead to admissible information or may be relevant to credibility. Renshaw, 82 F.R.D. at 363.

Many of plaintiff's interrogatories ask generally about inmate complaints against the defendants rather than about staff complaints similar to the incidents described in the complaint. Some seem completely unrelated to the plaintiff's allegations, while those addressed to defendant Pontarolo reflect plaintiff's allegations against him. However, limiting the inquiries to incidents similar to those alleged in the complaint, the court finds them appropriate. Defendant Roberts is directed to answer interrogatory 12, but limited to staff complaints for ignoring medical chronos and directing that necessities be withheld from plaintiff; defendant Amero is directed to answer interrogatory 23, limited to the number of complaints for ignoring medical chronos; defendant Weaver is directed to answer interrogatory 23 as written and interrogatory 22 limited to complaints for rough treatment of inmates; defendant Goforth is directed to answer interrogatories 9 and 11, limited to complaints and charges for physical mistreatment of inmates; defendant Beckman is directed to answer interrogatories 4 and 21 as written; defendant Zills is directed to answer interrogatories 10 and 11, limited to complaints and disciplinaries for retaliation or recruitment of gang members, and interrogatory 13, limited to relocation based on retaliation against inmate; and defendant Pontarolo is directed to answer interrogatories 9 and 20 as written.

Plaintiff's requests for the production of documents are focused on complaints about behavior similar to that which he alleges against the defendants. The objections to these requests are overruled.

/////

D. Interrogatories and Request For Production: Vague, Ambiguous, Incomprehensible

Plaintiff asked defendant Weaver for an inmate's name and "din" number and for the "outcome" of plaintiff being placed in B2-102U on March 15, 2003. MTC, Ex. F, Nos. 8-9. He asked defendant Runnels if he had "facilitated departmental charges against custody staff for assaults or any other misconduct against inmates" and if he had ever "facilitated or recommended criminal charges to be filed against custody staff for alleged assaults or any other misconduct against inmates. Id., Ex. G, Nos. 4-5. In his second request for production, plaintiff asked for the names and din numbers of a certain category of inmate. Id., Ex. C, No. 3. The defendants objected that the requests were vague or incomprehensible; defendant Runnels also objected that the questions were not relevant.

A party who responds to discovery requests should rely on ordinary definitions of terms and phrases used in interrogatories. When that party objects that an interrogatory is vague and ambiguous, he bears the burden of demonstrating such ambiguity or vagueness. Swackhammer v. Sprint Corp., PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

Although plaintiff explains that "din" number is an inmate's CDC number, the interrogatory itself did not make this clear. His fifth interrogatory to Weaver and request number 3 in his second request for production of documents thus are vague. However, Weaver does not renew his objection that interrogatory 9 was vague, which constitutes an abandonment of the objection.[3] He is directed to answer this interrogatory.

Defendant Runnels' vagueness objections to interrogatories 4 and 5 are unavailing: whether "facilitated" could refer to a number of actions does not render the question vague, for plaintiff is seeking a description of any action Runnels took in response to plaintiff's complaints of staff mistreatment. The requests are overbroad, however, for they do not relate

[3] He argues that interrogatory 9 seeks inadmissible character evidence, which was not raised initially in response to the interrogatory itself.

directly to the kinds of actions plaintiff has described in the complaint. Defendant Runnels is therefore directed to answer these interrogatories, but limited to his facilitation of any sort of discipline or criminal prosecution of staff members who have assaulted inmates.

E. Requests For Production: Policies, Memoranda And Procedures

In his first and second requests for production of documents, plaintiff asked defendants to provide and "instructions, memoranda and procedures" relating to investigations, and "instructions, memoranda, orders, notes and procedures" relating to the investigation of staff complaints and the use of force on inmates and for investigating inmate complaints against medical personnel. MTC, Ex. B, Nos. 1, 18, 19 & Ex. C, No. 4. The defendants responded by providing sections of Title 15 of the California Administrative Code and sections of the Departmental Operational Manual (DOM). Id. In his motion to compel, plaintiff complains that he asked for instructions, memoranda, procedures and institutional protocol, not the DOM sections provided. MTC, Points and Authorities (Docket No. 100) at 9. Defendants counter that they have provided all the responsive documents in their possession and cannot determine whether they control other responsive documents because "institutional protocol" is not specific.

A request for production of documents must describe its subject matter with "reasonable particularity." Fed. R. Civ. P. 34. The test for reasonable particularity is whether the request places a party upon "reasonable notice of what is called for and what is not." Bruggeman ex rel. Bruggeman v. Blagojevich, 219 F.R.D. 430, 436 (N.D. Ill. 2004). Plaintiff's request described, with "reasonable particularity" the documents he sought; by using the terms "instructions" and "memoranda," he signaled that he was seeking internal procedures rather than those described in regulations. His motion is well-taken.

/////

/////

/////

/////

F.  Request For Production: Possession, Custody Or Control

In his first request for production, plaintiff asked for his written statements concerning his allegations of staff abuse.  MTC, Ex. B, Nos. 3-4.  The defendants responded that after a reasonable inquiry, they could find no documents responsive to the request, but referred plaintiff to his central file as a repository of the information.  They also have maintained that they are not in control of a videotape of an interview with plaintiff on March 16, 2003 or the FLSA sign-in sheets of defendants Amero, Weaver, Turner, Goforth and Pontarolo for certain days.  MTC, Ex. B, Nos. 8-10, 16.

In his second request for production, plaintiff asked for his clothing record card for the year 2003; for a variety of documents relating to the Chrono Committee and the Medical Authorization Review Committee (MAR) for the same year; and for information about the MAR Committee members for 2003.  MTC, Ex. C, Nos. 1, 5-6, 8.

The party providing the records need not provide copies to the requesting party so long as it makes them available for inspection and copying.  Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 461 (M.D. Ala. 2001).  In addition, a party not in possession of documents cannot be required to produce them unless he has the "legal right to obtain the documents . . . upon demand" and is thus in control.  Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991).  Plaintiff has not shown that defendants have the right to obtain these complaints upon demand.  United States v. International Union of Petroleum and Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) (party seeking production bears burden of showing other party's control).  Defendants' dual response–that the documents are not in their control but may be in plaintiff's central file–is a sufficient response to items 3 and 4 in the first request, while their assertion that they are not in control of documents responsive to requests 8 and 9 is similarly adequate.  The similar unrebutted answer is a sufficient response to requests 1, 5, 6, and 8 in plaintiff's second request for production.

/////

G. Request For Production: Privileged Material

Plaintiff's first request for production asked for the following documents: "instructions, orders, notes, memoranda, internal communications, investigations, interviews, reports and findings" about plaintiff's claims of abuse. MTC, Ex. B, Nos. 6-7. Defendants objected that the request "invades the privacy of the Responding Parties," the confidential nature of the personnel files precluded "the opening of such files to a plaintiff for a general search," and the material was protected by California law. Id. In their opposition, defendants argue that plaintiff has not complied with the procedures for overcoming an assertion of official information privilege as outlined by Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987).

In Kelly, the court recognized that when a plaintiff seeks information from law enforcement files, the government may have legitimate reasons for withholding materials sought in discovery. It accordingly designed a procedure for the parties to follow when such a request is made and resisted. Defendants chide plaintiff for not providing the detailed affidavit necessary to support his motion. Opp'n at 4; Kelly, 114 F.R.D. at 671. They overlook the fact, however, that they failed to invoke privilege in the manner Kelly prescribed:

> [I]t is appropriate to impose the following procedural requirements on a party who seeks to invoke the qualified official information privilege. A party that receives a discovery request that would reach material it believes is covered by the official information privilege must, within the time permitted by rule to respond or object, serve and file an objection that invokes the official information privilege by name. . . . . .
>
> To properly support each objection the party also must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the matters attested to in the affidavit or declaration. . . . .
>
> [O]ne objective of the procedure . . . is to assure direct involvement by officials by such officials in decisions about whether to invoke this privilege. . . . .

/////

/////

> The affidavit . . .must include: (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality . . . , (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff. . . ., (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> The filing of the objection and affidavit shifts the burden of going forward with the process (but *not* the burden of persuasion on the underlying issue) to the plaintiff.

Id. at 669-70 (emphasis in original). Defendants did not provide such an affidavit to plaintiff when they objected during the discovery process, they have not submitted such an affidavit to the court in conjunction with their opposition, and they have not otherwise complied with Federal Rule of Civil Procedure 26(b)(5)(A)(i) by providing a privilege log. Thus, they have not properly invoked the privilege and the documents should be produced. Soto v. City of Concord, 162 F.R.D. 603, 613-14 (N.D. Cal. 1995).

Defendants posit two other claims of privilege. First, they claim that the materials would come from their personnel files, which are protected under the official information privilege. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1034 (9th Cir. 1991). Once again, however, defendants have not addressed the requirements for the invocation of the privilege. Because they have not met their threshold burden, their objections are overruled. Miller v. Pancucci, 141 F.R.D. 292, 301 (C.D. Cal. 1992).

Second, defendants assert the privileges established by California Penal Code §§ 823.7 and 6126.3(c)(1), Evidence Code §§ 1043 and 1046 and Government Code § 6254(f), which they claim, relying on Pagano v. Oroville Hospital, 145 F.R.D. 683, 688 (E.D. Cal.

/////

1993), should be applied as a matter of comity. Defendants do not mention Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997), which noted:

> Federal law governs the parties' dispute. Fed.R.Evid. 501. Despite defendant's repeated assertions to the contrary, the law of California, the forum state, does not inform federal privilege law. See Jaffee v. Redmond, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996) (finding a federal psychologist-patient privilege without mention of the law of the forum state vis-a-vis the law of the whole 50 states). In this respect, Cook v. Yellow Freight System, Inc., 132 F.R.D. 548 (E.D.Cal.1990), Martinez v. City of Stockton, 132 F.R.D. 677 (E.D.Cal.1990), and Pagano v. Oroville Hospital, 145 F.R.D. 683 (E.D.Cal.1993), cited by defendant, have been overruled.

See also Folb v. Motion Picture Industry Pension & Health Plans, 16 F.Supp.2d 1164, 1170 (C.D. Cal. 1998) (same). Defendants' objections are overruled.

H. Request For Production: Information About Chrono Committee Members

In his second request for production, plaintiff asked for the names, post positions and years of employment of the members of the Chrono Committee for a portion of 2003. Defendants objected on the ground that the information sought was not relevant and its compilation would be unduly burdensome. MTC, Ex. C, No. 7. They repeat these objections in their opposition.

Although defendants have not borne their burden of demonstrating the nature of the burden, they have successfully argued that the material sought is not relevant. It is true that the complaint alleges some of the defendants ignored some of his medical chronos, but plaintiff has not explained how discovery of the identities of the members of the chrono committee would aid his ability to pursue this case.

I. Interrogatories: Wright And Turner

These defendants failed to respond at all to interrogatories addressed to them. MTC, Ex. A. In their opposition, these defendants now agree to provide answers.

/////

/////

IT IS HEREBY ORDERED that:

1. Plaintiff's request to dismiss defendants Brown and Dharlingue from the action (docket no. 103) is granted;

2. Plaintiff's motion for a temporary restraining order (docket no. 116) is denied;

3. Plaintiff's motion for a telephonic conference (docket no. 124) is denied; and

4. Plaintiff's motion to compel (docket no. 99) is granted in part and denied in part as follows:

   A. Defendants are ordered to answer the following interrogatories, as limited in the body of this order:

   i. Defendant Roberts–interrogatory 12;
   ii. Defendant Amero–interrogatory 23;
   iii. Defendant Weaver–interrogatories 9, 22 and 23;
   iv. Defendant Goforth–interrogatories 9 and 11;
   v. Defendant Beckman–interrogatories 4 and 21;
   vi. Defendant Zills–interrogatories 10, 11, and 13;
   vii. Defendant Pontarolo–interrogatories 9 and 20; and
   viii. Defendant Runnels–interrogatories 4 and 5.

   B. Defendants are ordered to respond to the following requests for production:

   i. Plaintiff's First Request For Productions–requests 1, 6, 7 18, 19 20, 21 and 22; and
   ii. Plaintiff's Second Request For Production–request 4.

   C. The motion is denied in all other respects.

IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (docket no. 123) be denied.

/////

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2009.

U.S. MAGISTRATE JUDGE

2 chat2415.mtc+