IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

      Plaintiff,                             No. CIV S-03-2415 JAM KJM P

    vs.

T. FELKER, et al.,

      Defendants.                  FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed a motion asking the court to enter judgment against the defendants for failing to comply with the court's order of January 22, 2009, which directed them to provide supplemental responses to several of plaintiff's discovery requests. Defendants have responded with counsel's declaration, showing that he inadvertently failed to calendar the date for providing the discovery and with copies of the discovery responses actually now provided. In reply, plaintiff takes issue with the responses, characterizing most of them as false and just as evasive as the original responses addressed in the motion to compel and in the court's order.

        Under Rule 37(b)(2)(A)(vi) of the Federal Rules of Civil Procedure, a court may enter judgment against a party for disobeying a discovery order. In National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976), the Supreme Court considered whether a

1  district court abused its discretion in dismissing an action as the result of plaintiffs' failure to
2  timely answer interrogatories.  It found that the court's order was supported by the plaintiffs'
3  "flagrant bad faith" and "callous disregard" of their responsibility to comply with discovery
4  requests.  Id. at 643.  The Ninth Circuit has cautioned that before a district court may enter
5  terminating sanctions in response to discovery violations, a court must consider several factors:
6  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its
7  docket, (3) the risk of prejudice to the party asking for sanctions, (4) the policy favoring
8  disposition of litigation on its merits and (5) the availability of less drastic sanctions.  The fifth
9  factor requires the court to evaluate whether the district court has imposed less drastic sanctions
10 to no effect and whether it warned the party that terminating sanctions may be imposed.  See
11 Connecticut General Life Insurance Company v. New Images of Beverly Hills, 482 F.3d 1091,
12 1096 (9th Cir. 2007).

13         In this case, the court does not find that respondent's counsel acted willfully or in
14 bad faith in delaying the responses necessitated by the court's order of January 22, 2009, nor does
15 it find a pattern of willful refusals to comply with court orders or with discovery obligations.
16 Moreover, the delay in providing these responses has not impacted the court's ability to manage
17 this case, in light of the lengthy history of the litigation, and its current posture.  Although
18 plaintiff states broadly that he has been prejudiced, he has not described the impact of the delay
19 on his ability to pursue the action.  Finally, the court did not warn defendants that any delay in
20 responding or failure to respond would result in the entry of judgment.  This court does not find
21 the entry of judgment for plaintiff to be an appropriate sanction.

22         In his reply, as noted, plaintiff complains that defendants' answers are false and
23 evasive.  For the most part, defendants have averred they do not recall the specifics of plaintiff's
24 requests or could not find responsive documents after diligent searches; they also commit to
25 make plaintiff's C-file available to him for inspection.  See, e.g., Declaration of Jeffrey Steele,
26 Ex. A, No. 6.  Although plaintiff indicates in a declaration that he has studiously reviewed his C-

file at least annually without finding any of the documents he says must exist, he has not pointed to anything concrete that casts doubt on defendants' answers. <u>Alexander v. Federal Bureau of Investigation</u>, 186 F.R.D. 128 (D.D.C. 1998) (plaintiff's burden to compel discovery); <u>see also</u> <u>Equal Rights Center v. Post Properties, Inc.</u>, 246 F.R.D. 29, 32 (D.D.C. 2007) (party moving to compel discovery has the burden of proving that an answer to an interrogatory was incomplete or evasive). This court does not find that defendants' answers provide any basis for the imposition of terminating sanctions, and certainly not in the absence of a more complete showing by plaintiff.

IT IS HEREBY RECOMMENDED that plaintiff's motion for judgment (docket no. 127) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2010.

_____
U.S. MAGISTRATE JUDGE

2
chat2415.mfj