IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

        Plaintiff,                    No. CIV S-03-2415 JAM KJM P

    vs.

T. FELKER, et al.

        Defendants.           ORDER

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On April 30, 2010, defendants Amero, Wright, Runnels, Goforth, Roberts, Pontorolo, Zills, Turner, Peddicord, Weaver and Beckman filed a motion to dismiss alleging that plaintiff had failed to exhaust administrative remedies before filing suit. On July 8, 2010, plaintiff filed a motion for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. He argues that defendants have waived their right to raise this issue and the motion is designed to harass plaintiff and delay the action. He suggests that the motion is not proper now but rather should have been raised in an earlier motion to dismiss. Plaintiff's motion is not well taken.

        First, plaintiff quotes Rule 26(c) selectively, to make it appear as though a party may seek its protection generally. However, the rule speaks to protection from oppressive discovery requests, not from motions a party deems to be improper.

1

Second, even if plaintiff may seek protection against a motion on some other basis, he has failed to make an adequate showing on the merits. The court has no quarrel with the general proposition that a party may waive the affirmative defense of non-exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). In fact, plaintiff has cited a number of cases in which the courts have found the defense to have been waived, but in those cases, defendants had not asserted the defense in the answer, had waited a number of years to amend their answers to include the defense, and had not raised the defense despite a court's explicit direction that they do so. See Motion at 7.[1] Plaintiff argues that the motion to dismiss is an attempt to amend the answer long after it was filed, as in the cases he cites. He is wrong.

In the answer filed by defendants Beckman, Brown, Dhalinque, Goforth, Peddicord, Roberts, Runnels, Turner and Weaver[2] and the answer filed later by defendant Amero, the first affirmative defense listed is "to the extent Chatman has failed to exhaust his administrative remedies, his claims are barred by 42 U.S.C. § 1997e(a)." Docket No. 54 at 4; Docket No. 68 at 4. Under Rule 8(c) of the Federal Rules of Civil Procedure, this is the proper place to raise the affirmative defense.

In Randle v. Crawford, 604 F.3d 1047 (9th Cir. 2010), the Ninth Circuit considered whether the state had waived the statute of limitations defense in a habeas case by waiting to raise it until a second motion to dismiss. In its first motion to dismiss, the state alleged only that some of the issues in the habeas petition had not been exhausted; later it stipulated to a stay of the proceedings to allow petitioner to exhaust state remedies. When petitioner filed his amended petition in federal court, the state argued that the action was barred by the statute of limitations. Petitioner argued that the state had waived the defense by failing to raise it in the first motion to dismiss and by stipulating to the stay. The Ninth Circuit rejected

---

[1] The court relies on the pagination assigned by its ECF system.

[2] Some of these defendants have been dismissed during the course of the litigation to date.

2

the position, noting that while a defendant may waive an affirmative defense by failing to raise it in a pleading, a motion to dismiss is not a pleading under Rule 7(a), though an answer is. Id. at 1052. Because the first motion to dismiss was not a pleading, the state's failure to raise the statute of limitations in that motion did not constitute a waiver. Id. at 1053. The court also rejected petitioner's claim that respondents had pursued a "dilatory litigation strategy" because it found no evidence in the record that the state had acted in bad faith in waiting to raise the argument and noted that petitioner's claim of prejudice was too general. Id. at 1053.

The Third Circuit has considered a claim similar to plaintiff's in Drippe v. Tobelinski, 604 F.3d 778 (3d Cir. 2010). In that case, the defendants pursued a third summary judgment motion, raising a failure to exhaust, on the eve of trial. Although the Court of Appeals ultimately determined that the court had abused its discretion in considering that motion, it rejected plaintiff's request that exhaustion could be considered only at certain times in the litigation. It concluded that it would "not read into the PLRA a timing requirement for which the PLRA provides no textual support." Id. at 782; see also Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001) (non-exhaustion not waived even though it was not raised before trial when it was included in the answer to the fifth amended complaint); Villante v. Van Dyke, 93 Fed. Appx. 307 (2d Cir. 2004) (so long as non-exhaustion is in the answer, the defense is not waived by the failure to bring a motion for summary judgment).

In this case, as in Foulk, defendants included the affirmative defense of non-exhaustion in their answers; they are not, as plaintiff claims, attempting to amend their answers by pursuing the motion. Moreover, as in Randle, the failure to bring a motion to dismiss on this ground earlier in the litigation does not constitute a waiver because the defense was properly raised in the responsive pleading. Also in Randle, plaintiff makes only general claims of prejudice from having to respond to the motion at this stage in the litigation. For example, he asserts that the defendants have admitted that he has exhausted remedies as to some of the claims, but does not direct the court to those portions of the record he believes support his

assertion. In addition, he argues that the history of his attempts to exhaust are set out in the complaint: this does not show he will be prejudiced, for it suggests that it will not be difficult for him to prepare his opposition to the motion.

Finally, as in <u>Drippe</u>, the court declines to read a timing requirement into the defense of non-exhaustion and none has been established by this court's scheduling orders. In fact, the scheduling orders do not proscribe nor prescribe the type of dispositive motions that may be filed, but only set a schedule for their filing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a protective order (docket no. 143) is denied;

2. Plaintiff is given an additional twenty-eight days from the date of this order in which to file his opposition or statement of non-opposition to the motion; and

3. Defendants' optional reply is due fourteen days after the opposition is filed.

DATED: August 17, 2010.

_____
U.S. MAGISTRATE JUDGE

2

chat2415.npo